**In re Edward A. ARAUJO, Debtor.**

No. 01–13309.

United States Bankruptcy Court,
D. Rhode Island.

May 7, 2002.

Christopher Lefebvre, Law Offices of Claude Lefebvre & Sons, Pawtucket, RI, for Debtor.

Charles A. Lovell, Partridge, Snow & Hahn, Providence, RI, for Countrywide Home Loans, Inc.

John Boyajian, Boyajian, Harrington & Richardson, Providence, RI, Chapter 13 Trustee.

## ORDER SUSTAINING OBJECTION TO CONFIRMATION

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Objection of Countrywide Home Loans, Inc. ("Countrywide"), to confirmation of the Debtor's Chapter 13 Plan which provides *inter alia* that:

> The Bankruptcy Court shall retain exclusive jurisdiction over the assessment and or entitlement of any mortgagee to attorney's fees, costs or other expenses resulting from breach of the mortgage covenant. Any mortgagee requesting reimbursement for post petition attorney's fees, costs, expenses or any other related charges shall file an application for approval with the Bankruptcy Court regarding any request for post petition compensation and or reimbursement of post petition expenses.

Chapter 13 Plan, Docket No. 5, at 1, ¶ 1. At the confirmation hearing, when Debtor's counsel acknowledged that this language could require the Bankruptcy Court to monitor legal fees for years after the case was completed, he orally modified the provision to apply to legal fees and costs incurred during or related to the Chapter 13 bankruptcy proceeding.

■ Notwithstanding this concession, Countrywide presses its objection, arguing that the disputed provision extends well

beyond attorney's fees and would arguably apply to late fees, property inspection fees, appraisal fees, taxes, and insurance charges. Countrywide cites *Telfair v. First Union Mortgage Corp.,* 216 F.3d 1333 (11th Cir.2000), *cert denied,* 531 U.S. 1073, 121 S.Ct. 765, 148 L.Ed.2d 666 (2001), for the proposition that fees and expenses are governed by the note and mortgage and should not be subject to post-confirmation review by the bankruptcy court. Countrywide also argues that the proposed post-confirmation court intervention is unconstitutional, as it would modify contractual relationships between parties, and would also impair the ability of creditors to collect fees and expenses.

The Debtor contends that without the requested protection, creditors will be allowed to, and they would in fact, exercise unfettered discretion in charging fees and expenses in Chapter 13 cases, and that abuse by the credit industry in charging excessive fees in Chapter 13 cases in this District is rampant. When asked if evidence would be produced to support that allegation, the Debtor declined, stating that the issue before the Court was a legal one only, citing *In re Tate,* 253 B.R. 653 (Bankr.W.D.N.C.2000). *Tate* held that creditors seeking fees for preparing and filing proofs of claim must comply with Fed. R. Bankr.P.2016 by filing a fee application. I fail to see where *Tate* addresses how or why the provisions of Section 506(b) should apply, *post-confirmation,* in this scenario. That Section states:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for un-

der the agreement under which such claim arose.

11 U.S.C. § 506(b).

The Supreme Court has stated that Section 506(b) "applies only from the date of filing through the confirmation date." *Rake v. Wade,* 508 U.S. 464, 468, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993); *see also Telfair,* 216 F.3d at 1338–39, which explained that the purpose of § 506(b) is to allow oversecured creditors to include post-petition interest and reasonable fees and costs as part of their secured claims to be paid through the Chapter 13 plan. *Id.* at 1339. Here, the proffered language would extend or expand Section 506 to control *post-confirmation* secured creditors' fees and expenses. If such issues do arise, they are not part of Countrywide's pre-confirmation secured claim and they will exist separate from the plan, and apart from this bankruptcy case. I agree with the *Telfair* holding that the terms of the note and mortgage, freely agreed to by the Debtor and Countrywide, are not subject to modification, and that in the absence of proof on the issue, there is no presumption that without Court supervision there are or will be abuses by secured lenders. *Id.*

For these reasons, Countrywide's Objection is sustained, and the language proffered by the Debtor is not approved and shall not be part of the Debtor's confirmed Chapter 13 plan. There are a number of pending Chapter 13 cases where the Debtor's attorney has included similar language in the plan. In those cases, orders consistent with this one shall enter within thirty days.

Enter judgment consistent with this order.